UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**NATHAN JOUBERT**                             **CASE NO. 6:22-CV-05500**

**VERSUS**                                     **JUDGE JAMES D. CAIN, JR.**

**FOREMOST INSURANCE CO GRAND**                **MAGISTRATE JUDGE KAY**
**RAPIDS MICHIGAN**

## MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 18] filed by defendant Foremost Insurance Company of Grand Rapids, Michigan. Plaintiff opposes the motion. Doc. 25. Also before the court is a Motion to Amend [doc. 24] filed by plaintiff, with opposition from defendant.

## I.
### BACKGROUND

This suit arises from damage to property owned by plaintiff at 2133 Quarterpole Road, Rayne, Louisiana, in Hurricane Delta, which made landfall in Southwest Louisiana on October 9, 2020, and Hurricane Ida, which struck the state on August 29, 2021. Doc. 1. At all relevant times, the subject property and several others owned by plaintiff were insured under a policy issued by defendant. Doc. 18, atts. 2 & 3. Plaintiff, who was then represented by attorneys with the firm of McClenny Moseley & Associates, PLLC ("MMA"), filed suit in this court on October 4, 2022, alleging that defendant failed to timely or adequately pay him for his covered losses. He also filed suits through the same firm relating to alleged losses at other properties insured under the same policy. *See Joubert*

*v. Foremost*, No. 6:22-cv-5495 (W.D. La.); *Joubert v. Foremost*, No. 6:22-cv-5497 (W.D. La.); *Joubert v. Foremost*, No. 6:22-cv-5503 (W.D. La.); *Joubert v. Foremost*, No. 6:22-cv-5510 (W.D. La.).

Soon after this suit and the related *Joubert* matters were filed, the court stayed all cases filed by attorneys associated with MMA due to the high volume of hurricane suits filed right before the two-year prescriptive deadline and the court's concerns about irregularities within those suits. Doc. 4. MMA and all attorneys associated therewith were suspended from practice in this district on March 4, 2023, based on evidence before this court and the Eastern District of Louisiana of the firm's misconduct. Doc. 11. New counsel enrolled on plaintiff's behalf on October 4, 2023. Doc. 16. Defendant then moved to dismiss the suit, arguing that plaintiff cannot meet the amount in controversy requirement of diversity jurisdiction because the property listed in the complaint is subject to a $52,000.00 limit of insurance and defendant has already paid a substantial amount of that coverage. Doc. 18; *see* doc. 18, att. 3, p. 5. Plaintiff sought to consolidate the suits, which the court denied based on his admitted inability to satisfy the amount in controversy requirement in the underlying lead case. He also seeks leave to amend the complaint, though the only substantive change is the listing of the policy number and claims number. Doc. 24; *see* doc. 24, att. 3.

## II.
## LAW & APPLICATION

### A. Legal Standard

A motion under Rule 12(b)(1) attacks the court's jurisdiction to hear and decide the case. FED. R. CIV. P. 12(b)(1). The burden lies with the party seeking to invoke the court's jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 1801). Lack of subject matter jurisdiction may be found based on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Id.* On a facial attack to subject matter jurisdiction, which is based on the sufficiency of the complaint, court accepts all well-pleaded allegations in the complaint as true and construes those allegations in a light most favorable to the plaintiff. *Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A.*, 104 F.3d 1256, 1260–61 (11th Cir. 1997); *Pike v. Office of Alcohol and Tobacco Control of the La. Dep't of Rev.*, 157 F.Supp.3d 523, 533 (M.D. La. 1815). Because the parties have submitted evidence outside the pleadings, this matter is a "factual" attack and the court will consider that evidence while resolving any disputed issues of fact. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

### B. Application

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Subject matter jurisdiction must be proper under either 28 U.S.C. § 1331 or § 1332. The burden of proving jurisdictional facts rests on the plaintiff. *Anderson*

*v. Stoffle*, 339 F.2d 214, 214 (5th Cir. 1964). If the amount in controversy is not readily apparent from the complaint, then the court looks to summary judgment evidence to determine if the requirement was satisfied at the time of removal. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 718, 723 (5th Cir. 1802). Where a state statute provides for attorney's fees, those fees are included in the amount in controversy. *Manguno*, 276 F.3d at 723.

Plaintiff filed suit in this court on the basis of 28 U.S.C. § 1332. The property at issue has a $52,000.00 limit of insurance. While plaintiff has alleged "extensive" damage from both Hurricane Delta and Hurricane Ida, defendant shows that it has already paid $22,540.50 for the property's storm-related damages. Doc. 18, att. 4. The court cannot find that any contractual damages, bad faith, and/or attorney fees arising from the remaining coverage would possibly exceed the $75,000.00 threshold. Plaintiff makes no attempt to refute this but instead argues that he will be able to meet the amount in controversy by consolidating his cases, an argument the court has already rejected. Accordingly, the motion to dismiss will be granted and the motion to amend will be denied as futile.

## III.
### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 18] will be **GRANTED** and the Motion to Amend [doc. 24] will be **DENIED**. Accordingly, all claims in this matter will be **DISMISSED WITHOUT PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 4th day of January, 2024.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**